No. 26,960.

LELO WIGGINS McCULLOUGH, *Appellant,* v. WILLIAM J. WIGGINS et al., *Appellees.*

SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Oral Agreement to Convey Land—Statute of Frauds—Part Performance.* A father and his three children entered into an oral arrangement by which he agreed to convey certain lands to each of them and they agreed to relinquish to him their interest in another tract. He executed a deed to one of them in accordance with his agreement, but refused to make a conveyance to one of the others, who sued him for specific performance. It is held that the execution of the deed to one of the children was not such a part performance as to take the contract out of the statute of frauds with respect to the others.

Appeal from Anderson district court; HUGH MEANS, judge. Opinion filed July 10, 1926. Affirmed.

*G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellant.

*F. J. Oyler,* of Iola, for the appellees.

The opinion of the court was delivered by

MASON, J.: William J. Wiggins and his wife had three children. The wife died intestate owning 140 acres of land and money and notes in Wiggins' hands amounting to $2,600. He made an oral adjustment and settlement with the three children by which he was to deed to each of them certain lands, subject to a life estate retained by him, and they were to relinquish to him their interest in an eighty-acre tract. Deeds were made out for execution and delivery. Wiggins executed and delivered the deed to one of the children. Another of the children brings this action against him asking specific performance of the contract, setting out in the petition the facts substantially as above stated. A demurrer to the petition was sustained and the plaintiff appeals.

The question presented is whether the execution and delivery of the deed to one of the three children was such a part performance as to take the contract out of the statute of frauds for the benefit of the others. The answer depends upon whether the contract is to be treated as an entirety, as contended by the plaintiff, or as three separate agreements, as the defendant claims. We agree with the trial

Specific Performance, 36 Cyc. p. 679 n. 79.

34—121 KAN.

court that the deal was essentially one involving three separate agreements, each made between the father on the one hand and one of the children on the other. The fact that the several agreements were made at one time does not affect their separate character. The children did not have a joint claim against their father. Each owned an undivided one-sixth of the land left by their mother. He was to deed to each a tract of land subject to a life interest. They were to relinquish to him their interest in a tract of which each owned an undivided one-sixth interest. The arrangement is not shown to have amounted to a settlement of all matters between the parties. The allegation that the three children agreed to relinquish to their father their interest in the eighty-acre tract does not in our judgment imply a combined or united action and is not to be interpreted as meaning anything more than that each child agreed to relinquish his or her interest, and this whether or not the land, their interest in which they were to relinquish, was a part of that inherited from their mother. We think the father was at liberty to carry out the oral contract with one of the children, and still avail himself of the statute of frauds when performance was demanded by the others. We do not see that this course would work a fraud upon them or place them at any unconscionable disadvantage. Whether the arrangement between the father and his children be regarded as one contract or three, the father was at perfect liberty to deal with any of them singly, as he did with the one to whom he made the deed, without the consent of the others, who were therefore placed in no worse position by reason of the part performance of the general contract, if the transaction is to be regarded in that light.

The plaintiff cites a number of Kansas cases having some features in common with this, but as we see it, in none of them are the facts such that the decisions militate against the conclusion here reached.

The judgment is affirmed.